18-961-cr (L)
*United States v. James*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand nineteen.

PRESENT:  BARRINGTON D. PARKER,
          DENNY CHIN,
          SUSAN L. CARNEY,
                    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                    *Appellee,*


          v.                                          18-961-cr (L)
                                                      18-977-cr (Con)

GARY JAMES,
                    *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                          TANISHA R. PAYNE, Assistant United
                                       States Attorney (Emily Berger, Assistant
                                       United States Attorney, *on the brief*), *for*
                                       Richard P. Donoghue, United States

Attorney for the Eastern District of New York, Brooklyn, New York.

FOR DEFENDANT-APPELLANT: DAVID GORDON, Law Office of David Gordon, New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Johnson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the case is **REMANDED** for further proceedings consistent with this order.

Defendant-appellant Gary James appeals amended judgments entered April 5, 2018, following his guilty pleas to a two-count superseding information charging him with conspiring to import cocaine and launder money and a one-count indictment for failure to appear. The district court sentenced James to a total of 108 months' imprisonment -- 90 months for the drug-related charges and 18 months for failing to appear, to run consecutively.

Between October 2009 and July 2010, James's primary role was to recruit couriers for one of the leaders of the conspiracy. In total, the district court found James responsible for the importation of at least 3 kilograms of cocaine, some of the proceeds of which he helped to launder and send from the United States back to Jamaica. While on bail with a condition of home confinement, James removed his GPS monitoring device and absconded, and was not found for over two months. He now appeals the

2

procedural and substantive reasonableness of his sentence. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

James challenges the procedural reasonableness of his sentence on two grounds. First, he argues that the district court erred in calculating the applicable Guidelines range because he is entitled to credit for acceptance of responsibility. Second, he asserts that the district court failed to state in open court the reasons for the sentence imposed on the conspiracy counts. *See* 18 U.S.C. § 3553(c) (requiring that the district court "state in open court the reasons for its imposition of a particular sentence").

The record lacks sufficient explanation as to why the district court denied an adjustment for acceptance of responsibility; whether the district court considered the apparent sentencing disparity between James and his co-conspirators who received considerably more lenient sentences (including time served sentences in some instances) in spite of higher Guidelines ranges; and why the district court declined to grant James a downward variance in light of all the circumstances and James's "history and characteristics," 18 U.S.C. § 3553(a)(1). The record also suggests some uncertainty on the part of the district court as to the correct interpretation of our mandate in the prior remand in this case.

We remand to the district court to resolve this lack of clarity. Because the district court's resolution of these issues is preliminary to our consideration of the merits of the appeal, the remand is made pursuant to *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994). Accordingly, we remand to the district court such jurisdiction as is necessary to make clear its reasoning as to (1) its calculation of the applicable Guidelines range, including whether James qualified for an adjustment for acceptance of responsibility, *see United States v. Cavera*, 550 F.3d 180, 189-90 (2d Cir. 2008) (en banc); (2) its imposition of a term of imprisonment of 90 months on the conspiracy counts in light of the need to avoid unwarranted disparity among defendants found guilty of similar conduct, *see* 18 U.S.C. § 3553(a)(6); and (3) the denial of James's motion for a downward variance, *see* 18 U.S.C. § 3553(a)(2). The district court may, in its discretion, fulfill this Court's mandate by entering a supplementary statement of reasons or adjusting James's sentence in a resentencing proceeding. This Court (and this panel) shall retain jurisdiction over the matter. Upon a decision by the district court, full jurisdiction will be restored to this Court and this panel by either party informing us by letter of the district court's decision.

For the foregoing reasons, the case is **REMANDED** to the district court for further proceedings consistent with this order. The mandate shall issue forthwith.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4